UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT BEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-00050-RLY-DKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMNET**

Plaintiff, Robert Beaver, had a total right knee replacement on March 7, 2011, at the Indianapolis Veteran Affairs Medical Center. Since the surgery, Plaintiff has suffered constant and severe right foot pain, rendering him unable to walk unassisted. Further diagnostic testing revealed evidence of acute/subacute damage to both distal branches of the right sciatic nerve. He alleges his medical problems were proximately caused by the negligence of VA-employed surgeons. The United States now moves for summary judgment. For the reasons explained below, the motion is **GRANTED**.

**I. Discussion**

Plaintiff's medical malpractice claim against the United States is brought pursuant to the Federal Tort Claims Act ("FTCA"). Because the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred," the court applies the law of Indiana. *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (internal quotation marks and citation omitted); *see also Gipson v. United States*, 631 F.3d 448,

451 (7th Cir. 2011) (applying Indiana law governing expert testimony in FTCA medical malpractice case).  As such, a plaintiff alleging medical malpractice must establish that: (1) the physician owed a duty of care to the plaintiff; (2) the physician breached that duty by allowing his/her conduct to fall below the applicable standard of care; and (3) the breach proximately caused the plaintiff's injury.  *Sorrells v. Reid-Renner*, 49 N.E.3d 647, 651 (Ind. Ct. App. 2016).

"Physicians are not held to a duty of perfect care."  *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005).  Rather, the physician must exercise "the degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which the physician belongs, acting under the same or similar circumstances."  *Whyde v. Czarkowski*, 659 N.E.2d 625, 630 (Ind. Ct. App. 1995).  To establish the applicable standard of care and to show a breach of that standard, a plaintiff must generally present expert testimony.  *Syfu*, 826 N.E.2d at 703.  "This is [] so because the technical and complicated nature of medical treatment makes it impossible for a trier of fact to apply the standard of care without the benefit of expert opinion on the ultimate issue of breach of duty."  *Bader v. Johnson*, 732 N.E.2d 1212, 1217-18 (Ind. 2000); *see also Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 106 (Ind. Ct. App. 2014), *transfer denied*, 29 N.E.3d 124 (Ind. 2015), and *cert. denied*, 136 S. Ct. 227 (2015) ("Because of the complexity of medical diagnosis and treatment, expert opinion is required as to the existence and scope of the standard of care that is imposed on medical specialists and as to whether particular acts or omissions measure up to the standard of care.").

Here, Plaintiff did not present expert evidence regarding the applicable standard of care.[1] Instead, Plaintiff submitted medical records from various doctors who determined that he suffers from acute nerve damage which probably occurred during his knee replacement surgery. (*See* Filing No. 48-3, Progress Note of Dr. Loretta VanEvery dated 7/19/11 ("There is evidence of acute/subacute damage to both distal braches of the right sciatic nerve."); Filing No. 48-6, Office Note of Joyce E. Boeglin FNP dated 1/16/13 ("[H]ad a surgery through VA and patient ended up with sciatic nerve damage to his right leg."); Filing No. 48-7, Treatment Note dated 1/22/13 ("This man does have significant neuropathic pain from an apparent injury to his sciatic nerve. I explained to him that the nerve could have been hit during surgery or more likely stretched causing problems."); Filing No. 49-9, Letter from Dr. Nicholas Barbaro dated 3/19/13 ("Robert Beaver has neuropathic pain in the right foot consistent with a prior sciatic nerve injury.")). This evidence does not raise an inference that the VA committed medical malpractice, however. "Medicine is not an exact science; thus, an inference of negligence will not arise merely because there is a bad result without proof of a negligent act." *Ross v. Olson*, 825 N.E.2d 890, 893 (Ind. Ct. App. 2005).

Plaintiff's case is not necessarily doomed. "[A] plaintiff is not required to present expert testimony in cases where the deviation from the standard of care is a matter

---

[1] Although the VA is not required to make a showing on this issue, it submitted the expert report of Dr. Robert Malinzak, an orthopedic surgeon from Indianapolis, Indiana. He opined that the care provided to Plaintiff in connection with the total right knee replacement was within the standard of care "both on the surgical side, anesthetic side, nursing side, preop, intraoperatively, and post-operatively." (Filing No. 40-1, Expert Report at 3). He also opined that nerve injury is "a known complication with any type of orthopedic knee surgery." (*Id.*).

3

commonly known to lay persons." *Whyde*, 659 N.E.2d at 627. "This exception is based upon the doctrine of *res ipsa loquitur* where the deficiency of the physician's conduct 'speaks for itself.'" *Id.* "Application of this exception is limited to situations in which the physician's conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach of the applicable standard of care." *Syfu*, 826 N.E.2d at 703. For example, "expert testimony is not required in cases involving a physician's failure to remove surgical implements or foreign objects from the patient's body." *Boston v. GYN, Ltd.*, 785 N.E.2d 1187, 1191 (Ind. Ct. App. 2003).

      Although Plaintiff mentioned the doctrine of *res ipsa loquitur* in his Response Brief, he did not develop the argument. But even if he had, the argument would fail. The risks and complications associated with total knee replacement surgery, including the possibility of permanent nerve damage, are not commonly known to lay people. *Ziobron v. Squires*, 907 N.E.2d 118, 126 (Ind. Ct. App. 2008) (ruling *res ipsa loquitur* did not relieve patient, who suffered complications from bladder sling surgery, of her duty to provide expert evidence on standard of care); *Ross*, 825 N.E.2d at 894 (affirming trial court's refusal to give *res ispa loquitur* instruction, finding "[w]e cannot conclude, as a matter of law, that popliteal artery injury [that occurred during bilateral knee replacement surgery] would not have occurred but for negligence").

      Plaintiff further argues that the VA was negligent by failing to obtain his informed consent prior to surgery. Plaintiff's argument is easily dismissed for two reasons. First, he failed to present the claim on an executed Standard Form 95 or other written notification to the United States, accompanied by a claim for money damages in sum

4

certain for personal injury prior to filing suit. 28 C.F.R. § 14.2(a). Therefore, he failed to exhaust his administrative remedies and his claim is barred. *McNeil v. United* States, 508 U.S. 106, 113 (1980) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Second, even if a claim had been properly presented to the United States, Plaintiff signed a consent form prior to surgery which clearly advises that a known risk of the surgery is "[t]emporary or permanent pain, numbness, or weakness from nerve injury." (Filing No. 54-2, Consent for Treatment/Procedure at 2). Accordingly, the United States is entitled to summary judgment.

## II. Conclusion

Plaintiff failed to raise a genuine issue of material fact on his medical malpractice and informed consent claims. Therefore, Defendant's Motion for Summary Judgment (Filing No. 40) is **GRANTED**.

**SO ORDERED** this 14th day of November 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.